IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 0 7 2014

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

ELISHA GILBERT JR.

        PLAINTIFF,                     CIVIL ACTION NO: 1:14-CV-1623-TWT

VS.

FREDERICK L. DANIELS JR., et.al.,

-----------------------------/


**Plaintiff's Brief In Support Of Plaintiff's Response/Motion For Summary Judgment Against Dekalb Defendants' Motion To Dismiss Plaintiff's Complaint**


Comes now, the Plaintiff, Elisha Gilbert Jr., who timely files this Plaintiff's Brief In

Support Of Plaintiff's  Response/Motion For Summary Judgment Against Dekalb

Defendants' Motion To Dismiss Plaintiff's Complaint which will show this Honorable

Court that the Plaintiff's claim(s) should not be dismissed pursuant to Federal Rules Of

Civil Procedure 12(b)(6). And also that the Plaintiff should be granted summary

judgment by this Honorable Court pursuant to Fed.R.Civ.P. 56(c)(1)(a) concerning the

Plaintiff's claim(s).

1

### Fact(s)

On Friday June 20, 2014 Counsel for the Dekalb Defendant(s) mailed the Plaintiff copies of: (1), Dekalb Defendants' Motion to Dismiss Plaintiff's Complaint; (2),Dekalb Defendants' Brief In Support Of Motion to Dismiss Plaintiff's Complaint; and (3), Various Exhibit(s).

Plaintiff did not receive the foregoing copies in the mail until Monday June 23, 2014.

The Plaintiff now timely responds, (i.e. Within  21 days after the Plaintiff was served), see Fed.R.Civ.P. 12(a)(1)(b)&(c), against the Defendants' completely erroneous motion, as follows:

Counsel for the Defendant(s) has chosen to erroneously twist' the clear fact(s) that the plaintiff has stated within his Complaint. Counsel for the Defendant(s) has also erroneously chosen to overlook the clear fact(s) that the Plaintiff has stated within his complaint. Counsel for the Defendant(s) did not dispute such fact(s).Because Counsel for the Defendant(s) "CANNOT DISPUTE" such fact(s). See Fed.R.Civ.P. 56(c)(1)(a). Instead, Counsel for the Defendant(s) just chose to overlook such fact(s).

Fed.R.Civ.P. 56(c)(1)(a) states in pertinent part;

"(c) PROCEDURES.

2

(1) Supporting Factual Positions. A party asserting that a fact cannot be,... disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

The Plaintiff, Insha-allah, (i.e. If it be the will of Allah), will now, for this Honorable Court, " untwist" the fact(s) that Counsel for the Defendant(s) has so unprofessionally and erroneously "twisted", in a vain attempt to hide the UNDESPUTED FACT(S). And, Insha-allah, the Plaintiff will point out the fact(s) that Counsel for the Defendant(s) has also unprofessionally and erroneously chosen to overlook. Fact(s) that Counsel for the Defendant(s) "CANNOT DISPUTE". Fact(s) that clearly show that the plaintiff is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(a)&(c)(1)(a).

## CLAIM(S)

(1).    Plaintiff's Claims Against Judge Wong And Judge Purdom In their Official Capasities As Dekalb County State Court Judges Must Not Be Dismissed Because Judge Wong And Judge Purdom Are Not Entitled To Judicial Immunity.

3

(2). Plaintiff's Claims Against Solicitor–General of Dekalb County Sherry Boston And Assistant Solicitor Lisa Bobb Must Not Be Dismissed Where Such Defendant(s) Are Not Entitled To Prosecutorial Immunity.

(3). Plaintiff's Claims Against Burrell Ellis, Jeff Rader, William O'Brien, Melanie F. Wilson, And L. Jackson Must Not Be Dismissed Where Such Defendant(s) Are Not Entitled To Qualified Immunity.

### ARGUMENT(S)

First and foremost the Plaintiff would like to "untwist" this set of fact(s) that Counsel for the Defendant(s) erroneously "twisted" up. Where Counsel states that the Plaintiff accused Chief Judge Wayne M. Purdom of: "creating the policy or custom under which unconstitutional practices occurred". (Plaintiff's complaint, pp. 32–33). And Counsel continued with his/her absurd statement by saying: Gilbert also asserts that Judge Purdom should have taken action to remedy the constitutional violations of Judge Wong after learning of Plaintiff's detention. (Plaintiff's Complaint, p. 33). See page (6) of Dekalb Defendants' Brief In Support Of Motion To Dismiss Plaintiff's Complaint.

Now if this Honorable Court will simply look at pages 32–33 of the Plaintiff's Complaint, and see where the Plaintiff said, QUOTE':

"And in the case(s) of " Former Commissioner Jeff Rader and Judge Wayne M. Purdom", (i.e. Chief Judge Of Dekalb County Courthouse), these Two (2) defendant(s) are (also)

4

personally involved in causing constitutional deprivation(s) upon the plaintiff, where

acting in supervisory capacity, the foregoing Two (2) defendant(s) failed to remedy a

continuing or egregious wrong after learning of such violation(s).

Thus, a "supervisory official may be personally liable if he or she has actual or

constructive notice of unconstitutional practices and demonstrates gross negligence or

deliberate indifference by failing to act. See Lowrance vs. Coughlin, and Al-Jundi vs.

Estate Of Rockefeller, supra..


In the case at bar, on October 20, 2011 and October 28, 2011 the plaintiff "hand

delivered" and "mailed" the attached "letter and motion(s)", (i.e. Exhibit-(10)), to the

office(s) of Former Commissioner Jeff Rader, Judge Wayne M. Purdom, and Jeffrey R.

Davis. Exhibit-(10) attached put all of the foregoing defendant(s) on "notice"

concerning the constitutional violation(s), of Judge Alvin T. Wong, upon the plaintiff.

And all Three (3) of the foregoing individual(s) failed to act. Thus, the plaintiff wound

up being "KIDNAPPED for (120) day(s)" because of these Three (3) individual(s)' failure

to act. See Exhibit(s)-(7),(8),(9)&(10) attached."


In the case at bar, matching the foregoing up against what Counsel for the

Defendant(s) has erroneously accused the Plaintiff of stating within his Complaint

5

concerning <u>Chief Judge Wayne M. Purdom,</u> this Honorable Court can plainly see that

Counsel for the Defendant(s) have made an absurd accusation against the Plaintiff.

Especially when one looks at the <u>"date(s)"</u> (i.e. <u>October 20, 2011 and October</u>

<u>28,2011</u>), that the Plaintiff shows that he <u>hand delivered and mailed</u> <u>Exhibit-</u>(10) to the

foregoing Defendant(s), of which, Judge Purdom was one. Where the Plaintiff <u>was not</u>

<u>arrested until July 25, 2012.</u> (i.e. <u>almost one year later</u>).


The Plaintiff would like to know, if this <u>stunt</u> of throwing salt' in the game, that was

performed by Counsel for the Defendant(s), is a form of a <u>"tactic"</u> that they teach in law

school that is designed to get the opponent off of the true issue(s)?


And the true issue is: <u>NONE OF THE FOREGOING DEFENDANT(S) ARE ENTITLED TO</u>

<u>IMMUNITY CONCERNIG THE PLAINTIFF'S COMPLAINT.</u> See <u>O.C.G.A. 17-4-62.</u> Also see

<u>Young vs. Graham,</u> 2005 U.S. Dist. LEXIS 20882 (S.D. Ga. Aug.11, 2005). <u>Vinyard vs.</u>

<u>Wilson,</u> 311 F.3d 1340 (11th Cir. 2002) and <u>Reicheneder vs. Skaggs Drug Center,</u> 421

F.2d 307 (5th Cir.1970). Also see the <u>"Fourth (4th) and Fifth (5th) Amendment(s) of the</u>

<u>United States Constitution.</u>

Now, to the matter at hand. Counsel for the Defendant(s) has erroneously <u>overlooked</u>

<u>Exhibit-</u>(10) that is attached to the Plaintiff's Complaint. <u>Exhibit-</u>(10) clearly shows the

following; (1), That the Plaintiff filed a timely <u>Motion In Arrest Of Judgment</u> against <u>Judge</u>

<u>Alvin T. Wong</u> on <u>September 28, 2011.</u> Which clearly meant, as according to <u>Brown vs.</u>

<u>Johnson,</u> 251 Ga. 436 (1983), that Judge Alvin T. Wong <u>"lost all jurisdiction"</u> concerning

<u>trial court case number 11C36169-1</u> on <u>September 28, 2011.</u> Where Judge Wong

mandatorily had to <u>"disqualify"</u> himself from the foregoing case. And a <u>completely different</u>

<u>judge</u> had to be appointed/assigned to the Plaintiff's case situation based upon the fact

that Wong had been named by the Plaintiff as the respondent in the Plaintiff's <u>motion in</u>

<u>arrest of judgment.</u> See <u>Brown vs. Johnson,</u> supra, where the <u>Supreme Court Of Georgia</u>

said;

"There may occasionally appear to be a need to file an original petition in the

Supreme Court to issue process in the nature of *437 mandamus, and perhaps

quo warranto or prohibition, <u>where a superior court judge is named as the</u>

<u>respondent.</u> This appearance is misleading. Such petition may be filed in the

appropriate superior court. <u>Being the respondent, the superior court judge will</u>

<u>disqualify, another superior court judge will be appointed to hear and</u>

<u>determine the matter, and the final decision may be appealed to the Supreme</u>

Court for review. Anything to the contrary in *Shreve v. Pendleton*, 129 Ga.

374(58 SE 880) (1907), will no longer be followed."

And again, as the Plaintiff has already clearly stated in his Complaint, to this very date, no

other judge was ever appointed/assigned to hear the Plaintiff's foregoing motion in arrest

of judgment. And Judge Alvin T. Wong "never disqualified himself" as according to the rule.

See Brown vs. Johnson, supra.

And again, as previously stated within the Plaintiff's Complaint, the Plaintiff walked in and

filed his foregoing motion in arrest of judgment into the Clerk's Office and in the Office of

the Solicitor. Where the Plaintiff Obtained stamps from both the Clerk and Solicitor's

Office(s). See Exhibit–(10) attached to the Plaintiff's Complaint. Thus, Counsel for the

Defendant(s) "CANNOT DISPUTE" the foregoing fact(s). Neither can Counsel for the

Defendant(s) "DISPUTE" the fact that "both the Clerk's Office and Solicitor's Office" had

copies of "both the Plaintiff's motion to dismiss and motion in arrest of judgment". See

"stamps" on both of such foregoing document(s) attached to Exhibit–(10).

Thus, "both of the foregoing Office(s), and their staff, were put on 'NOTICE', on September

28, 2011, that as according to Brown vs. Johnson, supra, and O.C.G.A. 15–1–8(a)(3), that

Judge Alvin T. Wong "no longer had jurisdiction" over the case situation concerning the

Plaintiff. Where Wong mandatorily had to 'DISQUALIFY' himself as according to the

foregoing case law and rule of the court.

8

Therefore, because <u>both of the foregoing Office(s) and their staff knew' that Judge Wong</u>

<u>was "in the clear absence of all jurisdiction" when Wong was (1), sitting as judge in a</u>

<u>proceeding concerning the Plaintiff, in clear violation of O.C.G.A. 15-1-8(a)(3), and (2),</u>

<u>Wong was issuing the "invalid arrest warrant" against the Plaintiff during that proceeding,</u>

<u>where another judge "had not" heard the Plaintiff's motion in arrest of judgment, thus, the</u>

<u>Solicitor, the Clerk, and both of their perspective staff member(s) "had' to know" that the</u>

<u>act(s) that they were performing in "conjunction" with Judge Alvin T. Wong, upon the</u>

<u>Plaintiff, "WERE CRIMINAL ACT(S) OF FRAUD'. And if Wong had 'NO JURISDICTION' to</u>

<u>perform the foregoing "CRIMINAL ACT(S)" upon the Plaintiff, then neither did the Solicitor,</u>

<u>the Clerk, or any of their perspective staff member(s) have any jurisdiction to perform such</u>

<u>"CRIMINAL ACT(S)" upon the Plaintiff, or to assist' in such a performance. Which would</u>

<u>clearly mean that the Solicitor-General Sherry Boston, Assistant solicitor Lisa Bobb, the</u>

<u>Clerk Melanie F. Wilson, and Assistant Clerk L. Jackson "are not" entitled to either/or</u>

<u>prosecutorial immunity or qualified immunity for the "CRIMINAL ACT(S)" that each of them</u>

<u>and/ or their staff assisted in, upon the Plaintiff, along with Judge Alvin T. Wong.</u>

Thus, as according to <u>Stump vs. Sparkman,</u> 435 U.S. 349, 98 S.Ct. 1099 (1978) and

<u>Maudlin vs. Burnette,</u> 89 F.Supp.2d 1371,1378 (2000), citing <u>Roland vs Phillips,</u> 19 F.3rd

552,555 (11th Cir. 1994), based upon the <u>fact</u> that Judge Alvin T. Wong <u>acted in the clear</u>

<u>absence of all jurisdiction</u> when Wong (1), Sat in a proceeding concerning the Plaintiff

without the  Plaintiff's <u>"Consent",</u> in clear violation of <u>O.C.G.A. 15-1-8(a)(3);</u> and (2),

During such foregoing proceeding, Wong issued the "invalid arrest warrant" against the

plaintiff, (i.e. See Exhibit-(7) attached to Plaintiff's Complaint), for Plaintiff's failure to

appear during a "court date" that Wong had no authority whatsoever' to even issue'. Where

Wong had lost all authority/jurisdiction concerning such case on September 28, 2011. And

to "add injury to insult", Wong did not even attempt to give and/or perform a valid warrant

application hearing as according to the rule(s) of the court, see O.C.G.A. 17-4-40, such

clearly means, as according to both the Supreme Court of the United states and the

Eleventh Circuit Court of Appeals, that Judge Alvin T. Wong IS NOT ENTITLED TO JUDICIAL

IMMUNITY concerning the Plaintiff's Complaint.

And again, neither are the Solicitor General, the Clerk, or their perspective staff member(s)

entitled to any form of immunity concerning the "CRIMINAL ACT(S)" (i.e. fraud), that they

committed upon the Plaintiff in "conjunction" with Judge Alvin T. Wong.

Now, if this Honorable Court will see O.C.G.A. 15-1-8(a)(3), which states;

"(a): NO JUDGE OF ANY COURT,... SHALL:   (3) SIT IN ANY CASE OR PROCEEDING in which he

has been of counsel, NOR IN WHICH HE HAS PRESIDED IN ANY INFERIOR JUDICATURE, WHEN

HIS RULING OR DECISION IS THE SUBJECT OF REVIEW, WITHOUT THE CONSENT OF ALL

PARTIES IN INTEREST".

In the case at bar, as soon as the Plaintiff filed his motion in arrest of judgment on

September 28, 2011, such filing made Wong's ruling or decision concerning the denial of

the plaintiff's motion to dismiss, THE SUBJECT OF REVIEW. And as such, Judge Alvin T.Wong COULD NOT SIT IN ANY PROCEEDING CONCERNING TRIAL COURT CASE NO: 11C36169-1, WITHOUT THE CONSENT OF THE PLAINTIFF. See O.C.G.A. 15-1-8(a)(3). Also again, see Exhibit-(10) attached to Plaintiff's Complaint.

And for the record, the Plaintiff never gave Judge Alvin T.Wong "CONSENT" to sit in any proceeding concerning the Plaintiff, after' the Plaintiff had filed his foregoing motion in arrest of judgment.

Thus, again, Judge Alvin T. Wong was in the "clear absence of all jurisdiction" when he sat in a proceeding and issued the "invalid arrest warrant" against the Plaintiff. See Exhibit-(7) attached to Plaintiff's Complaint.

And again, Exhibit-(10) is also showing that the plaintiff made Judge Alvin T. Wong aware on October 7, 2011 that " another judge had to be assigned to the plaintiff's case situation". And Wong just ignored what the Plaintiff said to Wong as if Wong just did not care' what the law was that commanded Wong to "disqualify" himself from the plaintiff's case situation. See Trial Court Record of October 7, 2011.

And, Exhibit-(10) attached to the Plaintiff's Complaint also clearly shows that the Plaintiff made Commissioner Jeff Rader; The Office of the Dekalb County Commissioner(s); and Chief Judge Wayne M. Purdom aware of Judge Alvin T. Wong's "corrupt" actions, on October

18, 2011. Where the Plaintiff hand delivered the original Exhibit–(10) to the office of Jeff

Rader. And a copy of Exhibit–(10) was delivered to Chief Judge Wayne M. Purdom.

Thus, Exhibit–(10), without one iota of a doubt, put Commissioner Jeff Rader; The Office of

the Dekalb County Commissioner(s); and Chief Judge Wayne M. Purdom; "ON NOTICE"

concerning the "corrupt" action(s) of their employee, Judge Alvin T. Wong, that were being

committed upon the Plaintiff.

Thus, as according to Lowrance vs. Coughlin, 862 F. Supp. 1090 (S.D.N.Y. 1994),

Candelaria vs. Coughlin, 787 F. Supp. At 372 (citing Williams vs. Smith, 781 F.2d at

323–24). See also Al–Jundi vs. Estate Of Rockefeller, 885 F.2d 1060, 1066 (2d Cir.

1989), where the Court(s) said;

"(a "supervisory official may be personally liable if he or she has ACTUAL OR

CONSTRUCTIVE NOTICE of unconstitutional practices and demonstrates gross

negligence or deliberate indifference by failing to act") (citations omitted)".

Thus, in the case at bar, because the Defendant(s),(i.e. Jeff Rader, The Office of the

Dekalb County Commissioner(s),(i.e. Burrell Ellis), and Chief Judge Wayne M. Purdom),

all had "ACTUAL OR CONSTRUCTIVE NOTICE" concerning Judge Alvin T. Wong's

unconstitutional practices upon the Plaintiff, and because such Defendant(s)

demonstrated gross negligence and deliberate indifference by failing to act, after

12

receiving such NOTICE, such Defendant(s) are not entitled to any form of immunity whatsoever.

Especially where the Plaintiff gave the foregoing Defendant(s) "NOTICE", almost "Three (3) Months" before the January 5, 2012 court date,(i.e. which was also the date of the issuance of the invalid arrest warrant), was even unlawfully set' by Judge Alvin T. Wong. See Exhibit-(10) attached to Plaintiff's Complaint.

Again, such Defendant(s) have NO IMMUNITY FROM SUIT. Where because of these Defendant(s)' "gross negligence and deliberate indifference by failing to act", a "invalid arrest warrant" was issued against the Plaintiff by Judge Alvin T.Wong, whilst Wong was in the "clear absence of all jurisdiction".

And then the Plaintiff was "falsely arrested" because of such "invalid arrest warrant,'"falsely imprisoned/kidnapped" because of such invalid arrest warrant, and then the Plaintiff was held in confinement for (120) day(s) without ever' once' being brought to a "COMMITMENT HEARING" by the City of Atlanta Municipal Court or the Dekalb State Court System(s).

Such was a "CLEAR VIOLATION" of O.C.G.A. 17-4-62.

In O.C.G.A. 17-4-62 it states;

13

"In every case of arrest <u>without a warrant ,the person arresting SHALL,</u> without delay, convey the offender before the most convenient <u>judicial officer</u> authorized to receive an affidavit <u>and issue a</u> <u>warrant</u> as provided in code section <u>17–4–40. No such</u> <u>imprisonment shall be legal beyond a reasonable time allowed for this purpose;</u> and any person who is not brought before such judicial officer <u>within 48 hours of arrest</u> <u>shall be released."</u>

In the case at bar, the Plaintiff <u>WAS NOT RELEASED FROM DETENTION FOR (120)</u> <u>DAY(S). And during such (120) day(s) of detention the Plaintiff WAS NOT ONCE'</u> <u>brought to a PROBABLE CAUSE COMMITMENT HEARING as according to the foregoing</u> <u>rule. Such was a "crystal clear violation" of the Plaintiff's FOURTH (4TH) AMENDMENT</u> <u>RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES.</u>

Counsel for the Defendant(s) has erroneously <u>overlooked</u> all of the foregoing fact(s). Fact(s) that Counsel for the Defendant(s)"<u>CANNOT DISPUTE"</u>. See <u>Exhibit(s)–</u> <u>(7),(8),(9),(10)&(14)</u> attached to, and enclosed with, the Plaintiff's Complaint. <u>Exhibit–</u> <u>(14)</u> is a <u>DVD</u> that gives <u>fact(s) and evidence</u> that Counsel for the Defendant(s) "<u>CANNOT DISPUTE"</u>. And because of such <u>"UNDESPUTED FACT(S)",</u> (i.e. <u>Exhibit(s)–</u>

(7),(8),(9),(10)&(14)), the Plaintiff is entitled to judgment as a matter of law. See

Fed.R.Civ.P.56(c)(1)(a). Also see Young vs. Graham, 2005 U.S. Dist. LEXIS 20882 (S.D. Ga.

Aug.11, 2005).

And again, as shown in the Plaintiff's Complaint, in the case of Young vs. Graham, supra,

the United States District Court, Southern District Of Georgia said;

" Now, Defendant Atkins admits that he never obtained a probable cause determination respecting Plaintiff's arrest. Instead, he contends that he delivered him to the Dodge County Jail and assumed he would make bond within 24 hours. Defendant Atkins' assumption does not exonerate him from liability however. Section 17-4-62 of the Georgia Code provides that "the person arresting" shall seek an arrest warrant within 48 hours of arrest.8Therefore, Defendant *10 Atkins' detention of Plaintiff for longer than 48 hours presumptively violates the Fourth Amendment. Powell v. Nevada, 511 U.S. 79 (1994).

8.
The Supreme Court left to the individual states the process by which a probable cause hearing would be integrated into the states' various pretrial procedures. Gerstein v. Pugh, 420 U.S. 103 (1975).

Defendant Atkins claims he is entitled to qualified immunity on the illegal detention claim. The law was clearly established, however, at the time of Plaintiff's arrest that a ten-day detention without probable cause does not comport with the Fourth Amendment.9 Thus, Defendant Atkins had "fair and clear notice" that his conduct was unconstitutional. See Vinyard v. Wilson, 311

F.3d 1340, 1350 (11th Cir. 2002); see also Saucier v. Katz, 533 U.S. 194, 201(2001).  **Defendant Atkins is not entitled to the protection afforded by qualified immunity.**

9.

County of Riverside v. McLaughlin, 500 U.S. 44 (1991);Gerstein v. Pugh, 420 U.S. 103 (1975)."

In the case at bar, the Plaintiff was detained for "(120) day(s)" and the Plaintiff never once'

received a PROBABLE CAUSE COMMITMENT HEARING as according to O.C.G.A. 17-4-62.

Such failure of the "arresting officer(s)" to bring the Plaintiff before a judge "within 48

hours of the Plaintiff's arrest was a clear violation of the Plaintiff's Fourth Amendment

Right to be free from "UNREASONABLE SEARCHES AND SEIZURES".

"And **the law was clearly established, however, at the time of Plaintiff's arrest that a (120)–day detention without probable cause does not comport with the Fourth Amendment.[9] Thus, Defendant William O'Brien had "fair and clear notice" that his conduct was unconstitutional. See Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002); see also Saucier v. Katz, 533 U.S. 194, 201(2001).  Defendant O'Brien is not entitled to the protection afforded by qualified immunity.**

9.

County of Riverside v. McLaughlin, 500 U.S. 44 (1991);Gerstein v. Pugh, 420 U.S. 103 (1975)."

See Young vs. Graham, supra. Also see Terry vs. Ohio, 392 U.S. 1 (1968).

16

Counselor(s) Terri N. Gordon and/or Duane D. Pritchett erroneously "overlooked" the foregoing fact(s), case law, and Rule(s) Of The Court. See O.C.G.A. 17-4-62. A Rule Of The Court and Case law that were decided upon "DECADE(S) AGO". So how in the world could either of the foregoing Counselor(s), even "in jest", consider typing the words in their motion(s) that the law was not clearly established concerning what the Plaintiff has clearly complained about within his 42 U.S.C. 1983 Complaint?

And again, as in the words stated by the Court within Young vs. Graham, supra;

"The Defendant(s) are not entitled to the protection afforded by qualified immunity concerning the violation of the Plaintiff's Fourth Amendment Right to be free from Unreasonable Searches and Seizures. See O.C.G.A. 17-4-62." See Young vs. Graham, supra.

And in the case of Vinyard vs. Wilson, supra, which is cited within Young vs. Graham, supra, the Eleventh Circuit Court Of Appeals, after showing the criteria of the Supreme Court Of The United States within Saucier vs. Katz, supra, said the following;

"In the same vein, the Supreme Court in *Hope v. Pelzer*, ___ U.S. ___, 122 S.Ct. 2508, 2516, 153 L.Ed.2d 666 (2002) concluded that our own binding precedent in *Gates v. Collier*, gave the defendants fair warning that their conduct violated the Constitution:

Cases decided by the Court of Appeals for the Fifth Circuit before 1981 are BINDING PRECEDENT IN THE ELEVENTH CIRCUIT TODAY. *See Bonner v. Prichard*, 661 F.2d 1206 (C.A.11 1981)."

In the case at bar, again, as stated within the Plaintiff's Complaint, because Cases decided by the Court of Appeals for the Fifth Circuit before 1981 are BINDING PRECEDENT IN THE ELEVENTH CIRCUIT TODAY, *See Bonner v. Prichard*, 661 F.2d 1206 (C.A.11 1981), such would clearly mean that the case that the Plaintiff cited within his 42 U.S.C. 1983 Complaint, (i.e. Reicheneder vs. Skaggs Drug Center, 421 F.2d 307 (5th Cir. 1970) IS BINDING PRECEDENT IN THE ELEVENTH CIRCUIT COURT TODAY).

And again, in Reicheneder, supra, the FIFTH CIRCUIT said;

"" The police took plaintiff into custody, led him from the store through the sales area, handcuffed him outside the store and took him to the police station where he was detained for twenty or thirty minutes and charged with shoplifting." Id. at 309."


And in Reicheneder, supra,  the (5th) Circuit also said;

"Accordingly, in view of the fact that Reicheneder was <u>paraded</u> through the store by the police <u>in full view of several people</u> and would have an arrest record in the future, <u>we cannot rule that an award of $10,000.00 for false imprisonment is excessive or improper"</u>. Id. at 313."


In the foregoing case of <u>Reicheneder, supra</u>, it was shown that the plaintiff <u>Reicheneder was falsely imprisoned for a maximum of "Thirty (30) minutes"</u>. Id. at 309. <u>And because of such "(30) minutes" of false imprisonment, Reicheneder was awarded a sum of $10,000.00.</u> Id. at 313.


In the case at bar, the plaintiff was <u>"falsely imprisoned/kidnapped for (120) day(s)."</u> See <u>Exhibit–(8)</u> attached. Therefore, as according to the <u>Fifth (5th) and Fourteenth (14th) Amendment(s) of the United States Constitution,</u> (i.e. <u>Equal Protection Under The Law(s)</u>), the plaintiff is at this time moving to be awarded the <u>same sum</u> of "$10,000.00" for <u>"every thirty (30) minutes"</u> that the plaintiff remained <u>falsely imprisoned/kidnapped, just as Reicheneder was awarded in the foregoing.</u> Id. at 313.


And again, <u>Reicheneder vs. Skaggs Drug Center, supra, IS BINDING PRECEDENT WITHIN THE ELEVENTH CIRCUIT COURT OF APPEALS.</u> Which clearly means that <u>Reicheneder vs.</u>

**Skaggs Drug Center, supra, IS BINDING PRECEDENT OVER THIS ENTIRE SITUATION**

**CONCERNING THE PLAINTIFF'S COMPLAINT. See the FIFTH(5TH ) AND FOURTEENTH**

**(14th) AMENDMENT(S) OF THE UNITED STATES CONSTITUTION, (i.e. EQUAL**

**PROTECTION UNDER THE LAWS).**


**Again, Counsel for the Defendant(s) erroneously overlooked  the foregoing case law**

**and Constitutional Amendment(s) that were decided upon "DECADES AGO".  Case law**

**and Constitutional Amendment(s) that clearly show that the Plaintiff is entitled to**

**judgment as a matter of law. See Fed.R.Civ.P.,56(c)(1)(a).**

**And in finally, in Grech vs. Clayton County Georgia, 335 F.3d 1326 (11th Cir. 2003), the**

**Eleventh Circuit Court Of Appeals said;**


**"Under Georgia Law, the Defendant Clayton County is a "Body corporate" capable of**

**suing and being sued and is headed by the County governing body,... "Ga. Const. Art.**

**9 Sec. 1 Para. 1 (each County SHALL be a "BODY CORPORATE" and politic with such**

**governing authority,... as provided by law."); O.C.G.A. 36-1-3 (Every County is a body**

**corporate, with power to sue or be sued in ANY COURT."); O.C.G.A. 1-3-3 (7)(defining**

**"County Government Authority" as the "BOARD OF COUNTY COMMISSIONERS, the sole**

**County Commissioner, or the Governing Authority of a consolidated government.")."**

In <u>Abusaid vs. Hillsborough County,</u> 405 F.3rd 1298 (11th Cir. 2005), the Honorable

<u>Eleventh Circuit Court Of Appeals</u> said;

"Regardless of the confusion' … <u>controlling law makes it ABUNDANTLY CLEAR that the</u>

<u>COUNTY ENJOYS NEITHER ELEVENTH AMENDMENT NOR STATE LAW SOVEREIGN</u>

<u>IMMUNITY.</u> As to the former, it is by now well established that <u>"(t)he bar of the Eleventh</u>

<u>Amendment to suit in Federal Courts</u> extends to states and state officials in

appropriate circumstances, <u>BUT DOES NOT EXTEND TO COUNTIES AND SIMILAR</u>

<u>MUNICIPAL CORPORATIONS."</u> <u>Mt Healthy City Sch. Dist Bd. Of Educ. Vs. Doyle,</u> 429 U.S.

274, 280 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)(citation omitted). Accordingly, "the

Court has <u>consistently refused to construe the Eleventh Amendment to afford</u>

<u>protection to political subdivisions such as COUNTIES AND MUNICIPALITIES, even</u>

<u>though such entities exercise a 'slice of state power.'"</u> <u>Hess,</u> 513 U.S. at 43, 115 S.Ct.

394 (citation omitted); see also <u>Hutton vs. Strickland,</u> 919 F.2d 1531, 1542 (11th Cir.

1990)(<u>"This Court specifically has recognized that the Eleventh Amendment DOES NOT</u>

<u>PREVENT AN AWARD OF DAMAGES AGAINST A COUNTY.")</u>"

The Honorable Eleventh Circuit further said in <u>Abusaid,</u> supra, in pertinent part;

"Nor  does… <u>STATE SOVEREIGN IMMUNITY LAW BAR 1983 CLAIMS AGAINST THE</u>

<u>COUNTY. The Supreme Court made it absolutely clear in Howlett vs. Rose,</u> 469 U.S.

21

356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990), that ... <u>sovereign immunity law COULD</u>

<u>NOT BE INVOKED TO SHIELD A MUNICIPAL ENTITY FROM 1983 LIABILITY.</u> The Court

explained since this Court has constructed the word <u>"person"</u> in 1983 to exclude

<u>States</u>, neither a federal court nor a state court may entertain a 1983 action against

such a Defendant. Conversely, since the Court has held that municipal corporations

and similar government entities are <u>"persons"</u>, see <u>Monell vs. New York City Dept. of</u>

<u>Social Services</u>, 436 U.S. 658, 663, 98 S.Ct. 2018, 2021–22, 56 L.Ed.2d 611 (1978), a

state court entertaining a 1983 action <u>MUST</u> adhere to that interpretation. <u>"Municipal</u>

<u>defenses– including an assertion of sovereign immunity– to a federal right of action</u>

<u>are, of course controlled by federal law.</u> <u>Owen vs. City Of Independence</u>, 445 U.S. 622,

647 n. 30, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980)). By including municipalities within

the class of <u>'persons'</u>  <u>subject to liability for violation(s) of the Federal Constitution and</u>

<u>law(s)</u>, <u>CONGRESS– the supreme sovereign of matters on federal law– ABOLISHED</u>

<u>WHATEVER VESTIGE OF THE STATE'S SOVEREIGN IMMUNITY THE MUNICIPALITY</u>

<u>POSSESSED."</u> Id., at 647–648, 100 S.Ct. at 1413–14 (footnote omitted). Accordingly,

even if the district court had dismissed Abusaid's federal claims on the State <u>sovereign</u>

<u>immunity grounds</u> as well as <u>Eleventh Amendment immunity grounds, THIS DISMISSAL</u>

<u>WOULD HAVE BEEN IMPROPER,</u> since the State <u>Sovereign Immunity Principals are NO</u>

<u>BAR TO 1983 CLAIMS AGAINST A COUNTY."</u>

In the case at bar, based upon the foregoing clear case law of the <u>Eleventh Circuit</u> <u>Court Of Appeals and the Supreme Court Of The United States, all "municipalities, (i.e.</u> <u>Counties), and municipal corporations are classified as "PERSONS". And because of</u> <u>such classification, these "PERSONS" CANNOT RAISE STATE SOVEREIGN IMMUNITY OR</u> <u>ELEVEN AMENDMENT GROUNDS CONCERNING 1983 CLAIM(S) AGAINST IT. WHERE:</u>

"State <u>Sovereign Immunity Principals are NO BAR TO 1983 CLAIMS AGAINST A</u> <u>COUNTY."</u> And, By including municipalities within the class of <u>'persons'  subject to</u> <u>liability for violation(s) of the Federal Constitution and law(s), CONGRESS– the supreme</u> <u>sovereign of matters on federal law– ABOLISHED WHATEVER VESTIGE OF THE STATE'S</u> <u>SOVEREIGN IMMUNITY THE MUNICIPALITY POSSESSED."</u> Id., at 647–648, 100 S.Ct. at 1413–14 (footnote omitted)." See also again, <u>Abusaid vs Clayton County Georgia,</u> supra..

## CONCLUSION

Based upon the foregoing fact(s) that the Defendant(s) <u>CANNOT DISPUTE,</u> the Plaintiff is <u>entitled to judgment as a matter of law.</u> See <u>Fed.R.Civ.P.,56(c)(1)(a).</u>  Also see <u>Young vs.</u> <u>Graham,</u> <u>Vinyard vs. Wilson,</u> and <u>Reicheneder vs. Skaggs Drug Center,</u> supra. Also see

Fourth (4th) and Fifth (5th) Amendment(s) of the United States Constitution. Where the Plaintiff has a Guaranteed Right to be free from unreasonable searches and "seizures" under the Fourth (4th) Amendment of the U.S. Const., which was clearly violated by the Defendant(s). See O.C.G.A. 17-4-62. And the Plaintiff also has a guaranteed right of "Equal Protection Under the Laws" under the Fifth (5th) Amendment of the U.S. Const. See Reicheneder vs. Skaggs Drug Center, supra.

And Judge Alvin T. Wong committed the crime of "trespass" upon the Plaintiff whilst Wong was in the "clear absence of all jurisdiction". See Stump vs. Sparkman, Maudlin vs. Burnette, and Roland vs. Phillips, supra.. Also see O.C.G.A. 15-1-8(a)(3), and O.C.G.A. 17-4-62. Also see Fourth (4th) and Fifth (5th) Amend(s). of U.S. Const..

The Defendant(s) Lisa Bobb and L. Jackson committed the crime(s) of "fraud" upon the Plaintiff, when such Defendant(s), in "conjunction" with Judge Alvin T. Wong, signed their name(s) to a "invalid arrest warrant" that was being issued against the Plaintiff during a "null and void" proceeding, as according to O.C.G.A. 17-9-4. Where Wong was in the "clear absence of all jurisdiction" when he and the foregoing Defendant(s) held such "fraudulent" hearing concerning the Plaintiff on January 5, 2012. And because of such "fraudulent" hearing, a "fraudulent", "invalid arrest warrant" was issued for the unlawful "false imprisonment/kidnapping" of the Plaintiff. Which ultimately had the Plaintiff unlawfully detained for (120) day(s). Where the Plaintiff, "not once", was brought to a "COMMITMENT HEARING" during such (120) day "false

imprisonment/kidnapping", in complete violation of  O.C.G.A. 17-4-62. See Young vs.

Graham, supra..

And Defendant William O'Brien had a "mandatory duty" to know that the "arrest

warrant" that was issued by Judge Alvin T. Wong was legal on its face, and also that

Judge Alvin T. Wong had jurisdiction of the subject-matter to even be permitted

lawfully to issue a valid warrant against the plaintiff. See 51 L.R.A. 197 and Poulk vs.

Slokum,3 Blackfords (Ind). 421

Defendant O'Brien failed in his foregoing "duty", miserably. And because of such

failure in O'Brien's "mandatory duty", the Plaintiff remained "falsely

imprisoned/kidnapped" because of the "fraudulent", "invalid arrest warrant" that was

issued by Judge Alvin T. Wong, who was in the "clear absence of all jurisdiction"

concerning the entire case situation that involved the Plaintiff.

And as for the Defendant(s):Commissioner Burrell Ellis, Commissioner Jeff Rader, Chief

Judge Wayne M. Purdom, Solicitor-General Sherry Boston, and Clerk Melanie F. Wilson,

these defendant(s) are (also) personally involved in causing constitutional

deprivation(s) upon the Plaintiff, where they were "grossly negligent" in managing

subordinates who actually caused the constitutional deprivation.  Candelaria vs.
Coughlin, 787 F. Supp. At 372 (citing Williams vs. Smith, 781 F.2d at 323–24). And,
where acting in supervisory capacity, the foregoing  defendant(s) failed to remedy a
continuing or egregious wrong after learning of such  violation(s).

Thus, a "supervisory official may be personally liable if he or she has actual or
constructive notice of unconstitutional practices and demonstrates gross negligence or
deliberate indifference by failing to act. See Lowrance vs. Coughlin, 862 F. Supp. 1090
at 1100–1101 (1994), and Al–Jundi vs. Estate Of Rockefeller, 885 F.2d 1060, 1066 (2d
Cir. 1989). Also see Exhibit–(10) attached to the Plaintiff's original Complaint.

Now because the foregoing Defendant(s) were (1), "grossly negligent" in managing
subordinates who actually caused the constitutional deprivation upon the Plaintiff. And
(2), While acting in supervisory capacity, the foregoing  defendant(s) failed to remedy a
continuing or egregious wrong after learning of such  violation(s), the Plaintiff became
a victim of "fraud", "false arrest", "false imprisonment/kidnapping", where the Plaintiff
was unlawfully detained for (120) day(s) without being brought to a "COMMITMENT
HEARING" even once', which was a clear violation of O.C.G.A. 17–4–62. And also a
"crystal clear violation" of the Plaintiff's Fourth (4th) Amend. of the U.S. Const.. See
Young vs. Graham, supra..

Based upon the foregoing, the Plaintiff pray(s) that this Honorable Court grants the Plaintiff summary judgment. See Fed.R.Civ.P. 56(c)(1)(a).

Respectfully Submitted,

_Elisha Hilbert Jr._

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE/MOTION FOR SUMMARY JUDGMENT AGAINST DEKALB DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT has been hand delivered to the Dekalb County Law Department, Manuel J. Maloof Center, 1300 Commerce Drive, 5th floor, Decatur, Georgia 30030 this _7th_ day of _July_ 2014.

_Elisha Hilbert_

Sworn and subscribed to before me this _7_ day of _July_ 2014.

_Ralph Bond_

NOTARY PUBLIC

27