[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14032
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-01623-TWT


ELISHA GILBERT, JR.,

                                                 Plaintiff-Appellant,

versus

FREDERICK L. DANIELS, JR.,
Chairman, DeKalb County,
BARBARA BABBIT KAUFMAN,
Vice Chairman, Fulton County,
HAROLD BUCKLEY, SR.,
Treasurer, DeKalb County,
JUANITA JONES ABERNATHY,
Secretary, City of Atlanta,
ROBERT L. ASHE, III,
City of Atlanta, et al.,

                                                 Defendants-Appellees,

ADAM ORKIN,
Fulton County, et al.,

                                                 Defendants.

Appeal from the United States District Court
for the Northern District of Georgia

(August 28, 2015)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

*Pro se* plaintiff-appellant Elisha Gilbert appeals from the district court's dismissal of his civil rights complaint, brought pursuant to 42 U.S.C. § 1983. On appeal, Gilbert reiterates the merits of his claims and argues that the district court erred by dismissing his complaint because the defendants were not entitled to any forms of immunity.

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim, accepting all factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008). We liberally construe the pleadings of *pro se* parties, *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir.), *cert. denied*, 135 S. Ct. 759 (2014), but *pro se* litigants still must conform to procedural rules, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Rule 8(a)(2), Fed. R. Civ. P., requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."

Although there is no "technical form," the plaintiff's allegations "must be simple, concise, and direct." *Id.* 8(d)(1). The purpose of Rule 8(a)(2)'s requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (ellipsis, citation, and internal quotation marks omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (internal quotation marks omitted). Where it appears that a more carefully drafted complaint might state a claim, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) (holding that this rule does not apply to counseled plaintiffs). But the district court need not grant leave to amend

3

"where amendment would be futile." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005); *see Bank*, 928 F.2d at 1112-13.

Here, Gilbert filed a "shotgun" pleading. *See Weiland v. Palm Beach Cty. Sheriff's Office*, ___ F.3d ___, ___, No. 13-14396, 2015 WL 4098270, at *4-5 (11th Cir. July 8, 2015) (explaining and categorizing shotgun pleadings). His complaint names thirty-two defendants but does not identify which defendant is responsible for what alleged constitutional violation. Additionally, the complaint is not divided into separate paragraphs, each describing a "single set of circumstances," as required by the rules. *See* Fed. R. Civ. P. 10(b). The defendants' various motions to dismiss raised multiple grounds for dismissal, including failure to state a claim, several types of immunity, insufficient service of process, the *Rooker-Feldman* doctrine[1], and the defense that the complaint was a shotgun pleading that failed to give fair notice of the claims raised.

The district court granted the defendants' motions to dismiss, but it gave little indication of its reasoning for doing so. The court concluded simply as follows: "The Plaintiff fails to allege a plausible claim for relief. The Defendants' Motions to Dismiss [Doc. 6, 7, 8 & 9] are GRANTED. This action is DISMISSED." Although the court cited *Iqbal* and *Twombly* and found that Gilbert

---

[1] The *Rooker–Feldman* doctrine derives from *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

4

failed to state a claim, it did not address any of the allegations or explain how they failed to meet Rule 8(a)(2)'s pleading standard.

"Many times, and in many contexts, this Court has admonished district courts that their orders should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review." *Danley v. Allen*, 480 F.3d 1090, 1091 (11th Cir. 2007). The district court's order in this case is "devoid of any facts and any legal analysis." *Id.* As such, it is difficult for this Court to conduct a meaningful review. *See id.* 1091-92.

Moreover, the district court dismissed the complaint without giving Gilbert the opportunity to amend his complaint or finding that amendment would be futile. *See Corsello*, 428 F.3d at 1014; *Bank*, 928 F.2d at 1112. And at no time before dismissing the action did the court advise Gilbert of the deficiencies in his complaint and instruct him to file an amended complaint. Where allegations are vague and ambiguous and the defendants and court must guess at precisely what the claims are, the court should require the plaintiff to replead his claims. *See Byrne v. Nezhat*, 261 F.3d 1075, 1128-33 (11th Cir. 2001); *see also* Fed. R. Civ. P. 12(e) (permitting the court to order repleader).

It is "the responsibility of the district court in the first instance" to review the record and render a reasoned decision on the sufficiency of the allegations in Gilbert's complaint. *Danley*, 480 F.3d at 1092. Accordingly, we vacate the

dismissal of Gilbert's complaint and we remand for the district court to develop the record and determine, in the first instance, whether Gilbert should be instructed to replead his claims or whether amendment would be futile.

**VACATED and REMANDED**.

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Amy C. Nerenberg
Acting Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 28, 2015

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 14-14032-DD
Case Style: Elisha Gilbert, Jr. v. Barbara Kaufman, et al
District Court Docket No: 1:14-cv-01623-TWT

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against appellees.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Elora Jackson, DD at (404) 335-6173.

Sincerely,

AMY C. NERENBERG, Acting Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs